United States District Court
Southern District of Texas

**ENTERED**
January 19, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| TIMOTHY WRIGHT, | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-CV-2225 |
| | § | |
| CITY OF HOUSTON, ET AL., | § | |
| *Defendants.* | § | |

**MEMORANDUM AND RECOMMENDATION**

This civil rights case in which Plaintiff is proceeding pro se is before the Court on

Defendant M.G. Spinks's Motion to Dismiss (ECF 5) and Plaintiff's Motion to Vacate (ECF 20),

which the Court construes as Plaintiff's Sur-Reply to Spinks's Motion.[1]  Having reviewed the

parties' submissions and the law, the Court RECOMMENDS that Spinks's Motion to Dismiss be

GRANTED.  In addition, the Court RECOMMENDS that Plaintiff's claims against "J. Shadden,"

the City of Houston, and Art Acevedo be DISMISSED WITHOUT PREJUDICE due to lack of

service.[2]

I.      **Brief Factual and Procedural Background**

Plaintiff initiated this case in state court on May 20, 2022 by filing a Complaint naming

the City of Houston, Art Acevedo in his official capacity, and Officers M.G. Spinks and J. Shadden

as defendants.  ECF 1-1.  Plaintiff alleges that "[o]n April 24, 2021 [sic] [he] was violently attacked

by City of Houston Officers J. Shadden, Spinks and bystanders."  *Id.* at 2.  The record establishes

and Plaintiff concedes that the events in issue actually took place on April 23, 2020.  *See, e.g.,*

ECF 5-2; ECF 20 at 4.  Plaintiff's state court Original Petition asserts claims against all Defendants

---

[1] The Motion to Vacate will be terminated and re-classified on the docket as a Sur-Reply.
[2] The District Judge referred the case the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 9.

under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendments rights to be protected from excessive force and unlawful detention and arrest, and against the City and Acevedo for ratification and pattern and practice of wrongful conduct, failure to train, and failure to supervise. ECF 1-1. Officer Spinks, the only Defendant properly served, removed the case to this federal court based on federal question jurisdiction (ECF 1) and filed a Motion to Dismiss (ECF 5), to which Plaintiff has responded (ECF 16, 20).

**II.      "J. Shadden," the City of Houston and Art Acevedo Should be Dismissed for Lack of Service.**

Federal Rule of Civil Procedure 4(m) requires a Plaintiff to properly serve a defendant within 90 days of filing a Complaint, and if Plaintiff fails to do so the Court must either dismiss the action without prejudice or order that service be made within a specified time. Plaintiff filed this case in state court on May 20, 2022. ECF 1-1. Therefore, all Defendant should have been served by August 18, 2022. In addition, the Court has inherent authority to dismiss a case without prejudice for lack of prosecution. *Holt v. Houston Methodist Sugar Land Hosp.*, No. CV H-19-0564, 2020 WL 7865124, at *3 (S.D. Tex. Dec. 31, 2020).

In a separate Memorandum and Recommendation, the Court has recommended that Justin Shadden's Motion for Summary Judgment be granted because Justin Shadden proved he is not the "J. Shadden" involved in the April 23, 2020 incident. ECF 26. Plaintiff has been aware of the failure to serve the correct defendant since at least August 22, 2022 when Justin Shadden filed his Motion for Summary Judgment. ECF 14. Therefore, Plaintiff's claims against the proper "J. Shadden" should be dismissed without prejudice for failure to serve and lack of prosecution.

There is no indication on the record that Plaintiff has attempted to serve Art Acevedo, although it appears that the state court district clerk issued and mailed a citation to the City of Houston through Sylvester Turner. ECF 1-2 at 2. In any event, neither the City of Houston nor

Art Acevedo has appeared in this action and Plaintiff has done nothing to prosecute his claims against them.  The Court finds that ordering Plaintiff to provide proof of service by a future date is not appropriate in this case because the Original Petition fails to state a claim for governmental liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) and because, as discussed below, Plaintiff's § 1983 claims are time-barred.  Therefore, Plaintiff's claims against the City of Houston and Art Acevedo should be dismissed without prejudice.

### III.    Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.  *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions.  *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion.  If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d).  However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims.  *See Norris v. Hearst*

*Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d

496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).  For

purposes of Spinks's Motion to Dismiss, the Court takes judicial notice of public records and court

filings from Case #1672774 and #51672775 in Harris County District Court.[3]  ECF 5-2 – ECF 5-

7.

      Also before the Court is body camera video evidence submitted by Plaintiff as an exhibit

to his Sur-Reply.  ECF 20.  The Fifth Circuit has held that a court may consider video evidence in

determining a Rule 12(b)(6) motion if the video was attached to the complaint.  *Harmon v. City of*

*Arlington, Texas*, 16 F.4th 1159, 1163 (5th Cir. 2021) (stating "where video recordings are

included in the pleadings, . . ., the video depictions of events, viewed in the light most favorable

to the plaintiff, should be adopted over the factual allegations in the complaint if the video

'blatantly contradict[s]' those allegations" (citations omitted)); *Hartman v. Walker*, 685 F. App'x

366, 368 (5th Cir. 2017) (stating court is not required to favor plaintiff's allegations over what is

shown in a video attached to the complaint (citations omitted)).  In this case, Plaintiff did not attach

the video evidence to his Original Petition and therefore it is not properly before the Court for

purposes of the current motion.

      As noted above, if the Court intends to consider the video evidence it is appropriate to

convert the motion to one for summary judgment under Rule 56.  *See Turk v. Mangum*, No. CV

H-15-1003, 2016 WL 11529682, at *1 (S.D. Tex. June 20, 2016) (converting a motion to dismiss

to summary judgment before considering video evidence); *Williams v. City of Denton, Texas*, Civil

Action No. 4:17-CV-00811, 2021 WL 297141, at *4 (E.D. Tex. Jan. 8, 2021), report and

recommendation adopted, 2021 WL 289658 (E.D. Tex. Jan. 28, 2021) (holding video evidence is

---

[3] The Harris County District Court website indicates that the criminal cases against Plaintiff remain pending and currently are set for trial on March 27, 2023.

more appropriately considered on summary judgment).  However, here the Court declines to convert the motion to dismiss into a motion for summary judgment because, as explained below, Plaintiff's claims against Spinks are barred by the statute of limitations and the video evidence has no impact on this analysis.

### IV.    Analysis

Spinks moves to dismiss all claims against him because: (A) Plaintiff's claims are not cognizable under the Fourteenth Amendment; (B) Plaintiff cannot state a claim against Spinks under 28 U.S.C. § 1983 for violation of his Fourth Amendment rights to be free from excessive force and unlawful detention/false arrest because he does not allege any conduct by Spinks and because Plaintiff's claims are barred by the independent intermediary doctrine; (C) Plaintiff's claims are barred by the statute of limitations; (D) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994); (E) Spinks is protected by qualified immunity; and (F) Plaintiff's state law claims against Spinks are barred by Section 101.106(a) of the Texas Tort Claims Act (TTCA).

Plaintiff's Original Petition is almost devoid of factual allegations, and those it does contain do not seem applicable to the case at hand.[4]  However, the Court recommends dismissal because Plaintiffs' claims are barred by the statute of limitations, rather than dismissal for insufficiency of the factual allegations, which possibly could be cured by repleading[5]

---

[4] For instance, the Original Petition alleges that Shadden and two officers who are not defendants in this case, Espinoza and Gonzalez, provided false information "that Jerry Vaco was interfering with public duties."  ECF 1-1 at 5-6. Presumably, this error is due to Plaintiff's use of a pleading in another case filed by someone named Jerry Vaco as his form for his Original Petition.

[5] Generally, when a motion to dismiss is granted based on the deficiency of pleadings a plaintiff should be granted leave to amend his complaint. *Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019).

A.      **Plaintiff's Claims Arise Under the Fourth, not Fourteenth, Amendment.**[6]

The Fourteenth Amendment ensures a person's right to substantive due process.  Plaintiff's

claims involving excessive force and false arrest based on incidents arising pre-trial are properly

analyzed under the Fourth Amendment's reasonable search and seizure standards, not under

substantive due process.  *Graham v. Connor*, 490 U.S. 386, 395 (1989); *See also Albright v. Oliver*,

510 U.S. 266, 273 (1994) (holding that where a particular Amendment provides constitutional

protection, that Amendment, "not the more generalized notion of 'substantive due process,'

governs the claim (quoting *Graham*, 490 U.S. at 395))); *Cuadra v. Houston Indep. Sch. Dist.*, 626

F.3d 808, 814 (5th Cir. 2010) (claims based on alleged pretrial deprivations of constitutional rights

such a prosecution without probable cause should be brought under the Fourth Amendment).

Therefore, Spinks's Motion to Dismiss Plaintiff's claims under the Fourteenth Amendment should

be granted.

### B.  Plaintiff's Claims are Barred by the Statute of Limitations.

#### 1.  § 1983 Claims

Claims pursuant to 42 U.S.C. § 1983 are subject to Texas's two-year statute of limitations

for personal injury actions.  *Nance v. Ward*, 142 S. Ct. 2214, 2225 (2022) ("all § 1983 suits must

be brought within a State's statute of limitations for personal-injury actions"); *Mosley v. Houston

Cmty. Coll. Sys.*, 951 F. Supp. 1279, 1288 (S.D. Tex. 1996) (two-year statute of limitations in TEX.

CIV. PRAC. & REM. CODE § 16.003 applies to § 1983 claim).  The accrual date of a cause of action

under § 1983 is a question of federal law, which provides that a cause of action generally accrues

---

[6] Plaintiff's Response argues that Defendants violated his First Amendment right to free assembly (*see* ECF 16), but he did not plead a First Amendment claim.  Nonetheless, the Court notes that such a claim would also be barred by the statute of limitations. *See Lanier v. Dallas Area Rapid Transit Auth.*, No. 3:95-CV-3084-DES, 1997 WL 326371, at *1 (N.D. Tex. June 4, 1997) (statute of limitations on § 1983 claim for violation of First Amendment free speech and free association claims is two years).

at the time "the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citations omitted); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015) ("the particular accrual date of a federal cause of action is a matter of federal law."). Claims for excessive force and false arrest accrue upon the use of force and arrest. *Garcia v. San Antonio, Texas*, 784 F. App'x 229, 232 (5th Cir. 2019) (false arrest); *Morrill v. City of Denton, Texas*, 693 F. App'x 304, 306 (5th Cir. 2017) (excessive force).

Plaintiff concedes, and public records confirm, that the actions giving rise to Plaintiff's claims occurred on April 23, 2020. ECF 5-2, 5-3, 5-5, 5-6; ECF 16 at 2, 5; ECF 20 at 4. Plaintiff argues only that his claims are not barred because 42 U.S.C. § 1983 itself contains no limitations period.[7] ECF 16 at 3; ECF 20 at 2. Plaintiff's argument ignores that the Supreme Court has held that the state law statute of limitations for personal injury torts applies in § 1983 actions. *Wallace*, 549 U.S. at 387. Therefore, Plaintiff's claims under § 1983 contained in his Original Petition filed on May 20, 2022 are barred by the applicable two-year statute of limitations.

### 2.   State Law Claims

Even under the liberal rules of construction that apply to a pro se pleading, the Court does not construe Plaintiff's Original Petition to assert state law tort claims.[8] The only mention of state law in the Original Petition is the jurisdictional statement that the Court has "supplemental

---

[7] Plaintiff does not argue, and thus has not met his burden, to show any basis for equitable tolling. *Salazar v. Zapato Cty., Texas*, Civil Action No. 5:16-CV-292, 2020 WL 13609390, at *10 (S.D. Tex. Apr. 23, 2020) (doctrine of equitable tolling is applied sparingly and it is plaintiff's burden to establish he is entitled to rely on it).

[8] "Pro se briefs are afforded liberal construction, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but pro se litigants are not 'exempt ... from compliance with relevant rules of procedural and substantive law[.]'" *Escobarrivera v. Whitaker*, No. 21-30147, 2022 WL 17352178, at *2 (5th Cir. Dec. 1, 2022) (citation omitted). Plaintiff also failed to address any state law claims in his Response or Sur-Reply. ECF 16, 20; *See Bedford v. Texas Dep't of Transportation*, 810 F. App'x 264, 268 (5th Cir. 2020) (holding the district court did not err in ruling that plaintiff abandoned a claim because he failed to respond to defendant's motion for summary judgment on the claim); *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008) (holding "even pro se litigants must brief arguments in order to preserve them").

jurisdiction under 28 U.S.C. section 1367(a) to hear Plaintiff's state law claims." *Id.* at 2.  But the

Original Petition does not actually assert any state law claim.  Plaintiff's claims of excessive force

and unlawful detention and arrest are expressly tied to the alleged violations of his constitutional

rights.  *See id.* at 4 (Shadden's unreasonable use of force "violated Plaintiff's Fourth Amendment

right to be free from the use of excessive force"); at 6 (the officers' false information "resulted in

a violation of Plaintiff's constitutional rights under the Fourth Amendment and Fourteenth

Amendment").[9]  Nonetheless, any state law claims against Spinks for excessive force or false arrest

would also be barred by Texas's two-year statute of limitations. TEX. CIV. P. & REM. CODE §

16.003.

## V.        Conclusion and Recommendation

For the reasons set forth above, the Court RECOMMENDS that Spinks' Motion to Dismiss

(ECF 5) be GRANTED and Plaintiff's claims against Spinks be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that Plaintiff's claims against J. Shadden, the City of Houston,

and Art Acevedo be DISMISSED WITHOUT PREJUDICE due to lack of service and failure to

prosecute.

The Clerk of the Court shall send copies of the memorandum and recommendation to the

respective parties, who will then have fourteen days to file written objections, pursuant to 28

U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar

an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass*

---

[9] Spinks moved to dismiss any state law torts claims against him based on §§ 101.106(a) and 101.106(f) of the Texas
Tort Claims Act. ECF 5 at 20-21. Section 101.106(a) provides that if a plaintiff sues a government entity, the plaintiff
makes an irrevocable election to pursue state law tort claims against the government entity only.  *See Shemwell v.
Cannon*, 352 F. Supp. 3d 690, 699–700 (N.D. Tex. 2019) (citing *Molina v. Alvarado*, 463 S.W.3d 867, 871 (Tex.
2015)).  This case is actually covered by § 101.106(e), not § 101.106(a) because Plaintiff sued *both* the government
and individual officers.  In this situation, "the employees shall immediately be dismissed on the filing of a motion by
the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e).  The government entity named as a defendant in
this case has not appeared or filed a motion to dismiss.

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 19, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge